JS-6

# PRIORITY SEND

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   SACV 14-00163-VAP
USBC Case No. 8:05-BK-50128-TA
ADVERSARY Case No. 8:11-AP-01231-TA            Date:  September 18, 2014

Title:     IN RE: WILLIAM E. PRESTON
==============================================================
PRESENT:           HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                          None Present
        Courtroom Deputy                       Court Reporter

ATTORNEYS PRESENT FOR                ATTORNEYS PRESENT FOR
PLAINTIFFS:                          DEFENDANTS:

        None                                 None

PROCEEDINGS:          MINUTE ORDER AFFIRMING AND ADOPTING THE
                      PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF
                      LAW (DOC. NO. 2) (IN CHAMBERS)

        The Court has received and reviewed the Proposed Findings of Fact and
Conclusions of Law Regarding Capacity of William E. Preston on the Date of the
Filing of the Bankruptcy Petition (Doc. No. 2) ("Proposed Findings") submitted by
Bankruptcy Judge Gregg W. Zive in this adversary proceeding between Plaintiff R.
Todd Neilson, as chapter 7 trustee for the bankruptcy estate of William E. Preston,
and Defendants Joyce Moore, the Preston Music Group, Inc., the William Preston
Trust ("Trust"), and Frederick Wilhelms III in his capacity as trustee for the William
Preston Trust (collectively, "Defendants").  Moore and the Trust submitted objections
to the Proposed Findings, but as explained below, the Court finds them untimely
under Federal Rule of Bankruptcy Procedure ("FRBP") 9033.  After reviewing the

MINUTES FORM 11                              Initials of Deputy Clerk _md/wr____
CIVIL -- GEN                     Page 1

SACV 14-00163-VAP; USBC Case No. 8:05-BK-50128-TA; ADVERSARY Case No. 8:11-AP-01231-TA
IN RE: WILLIAM E. PRESTON
MINUTE ORDER of September 18, 2014

Proposed Findings, the papers submitted, and the record in this action, this Court AFFIRMS and ADOPTS the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law.

# I.  BACKGROUND

The facts and precise procedural history are complicated and described in more detail in the Proposed Findings.  This Order provides only a brief summary and the procedural history after the Bankruptcy Court's filing of the Proposed Findings.

On May 20, 2011, Plaintiff filed a Complaint against Defendants, seeking a judgment declaring that (1) William Preston, the deceased Debtor, was not incapacitated when he filed a chapter 11 bankruptcy petition on October 21, 2005 in the Central District of California, (2) the Trust remained revocable, and (3) the assets currently held by Neilson and any other assets of Debtor are assets of the bankruptcy estate.  (See Proposed Findings at 1-2.)  Pursuant to a January 30, 2013 Order, the Bankruptcy Court held a trial only on the issue of Preston's capacity on October 8-9, 2013 and November 19, 2013.  (Id. at 2.)  On February 4, 2014, the bankruptcy court filed its Proposed Findings in this "non-core" matter, and submitted it to this Court on February 5, 2014 for entry of a final judgment pursuant to 28 U.S.C. § 157(c)(1).  (See In re William E. Preston, Adversary No. 8:11-ap-01231-TA (Bankr. C.D. Cal.), ECF No. 239; Doc. Nos. 1, 2.)  In the Proposed Findings, the Bankruptcy Court found Defendants, who are contesting the validity of Preston's October 21, 2005 bankruptcy petition, have not submitted evidence sufficient to rebut the presumption that Preston had capacity when he signed the petition.  (See Proposed Findings at 13-17.)

The clerk of the Bankruptcy Court did not file the Proof of Service of the Proposed Findings on the parties until June 9, 2014, but the Proof of Service clearly indicates the Proposed Findings was served on all the parties, including counsel for Joyce Moore and the Trust, on February 4, 2014 through notice of electronic filing and United States mail.  (See In re William E. Preston, Adversary No. 8:11-ap-01231-TA (Bankr. C.D. Cal.), ECF No. 246.)

On April 22, 2014, the Trust filed an Objection to the Proposed Findings.  (Doc. No. 4.)  On May 13, 2014, Moore filed a Joinder and Additional Objection to the

MINUTES FORM 11                                    Initials of Deputy Clerk _md/wr____
CIVIL -- GEN                        Page 2

SACV 14-00163-VAP; USBC Case No. 8:05-BK-50128-TA; ADVERSARY Case No. 8:11-AP-01231-TA
IN RE: WILLIAM E. PRESTON
MINUTE ORDER of September 18, 2014

Proposed Findings.  (Doc. No. 8.)  On May 27, 2014, Neilson filed a Response to the Objections, arguing the Objections were untimely filed, pursuant to FRBP 9033, which gives the parties fourteen days of service to file objections to the bankruptcy court's proposed findings.  (Doc. No. 9.)

On May 30, 2014, Moore filed a Reply to Neilson's May 27, 2014 Response, contending she never received service of the Proposed Findings.  (Doc. No. 11.)  On June 3, 2014, Moore filed an additional Objection to the substance of the Proposed Findings.  (Doc. No. 12.)  On June 5, 2014, the Trust filed its Reply to Neilson's May 27, 2014 Response, arguing this Court is not bound by the deadlines set by FRBP 9033.  (Doc. No. 13.)

On June 9, 2014, as noted above, the clerk of the Bankruptcy Court filed the Proof of Service on the parties, including on counsel for Moore and the Trust, effectuated on February 4, 2014.  Relying on this Proof of Service, on June 16, 2014 Neilson filed an additional Response to the Replies by Moore and the Trust, asserting Rule 9033 applies here, the Proposed Findings was served on Moore and the Trust through their counsel on February 4, 2014, and thus the April 22, 2014 and May 13, 2014 filings of the Objections by Moore and the Trust were untimely under FRBP 9033.  (Doc. No. 14.)  On June 24, 2014, Moore filed another Reply, asserting that (1) Rule 9033 does not apply here, (2) any service of the Proposed Findings on her then-counsel on February 4, 2014 cannot be construed as service on her because her then-counsel filed a motion to withdraw as her counsel on the same day without notifying her of either the motion or the Proposed Findings, and (3) the Bankruptcy Court clerk's June 9, 2014 filing of the February 4, 2014 Proof of Service does not constitute evidence of service on Moore.  (Doc. No. 15.)

## II. LEGAL STANDARD

District courts have original jurisdiction over bankruptcy cases and all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334.  Pursuant to 28 U.S.C. § 157(a), a district court may refer actions within its bankruptcy jurisdiction to the bankruptcy court of that district.  A bankruptcy judge may hear a non-core proceeding that is "related to" a case under title 11 and submit proposed findings of fact and conclusions of law to the district court.  28 U.S.C. § 157(c)(1).  A bankruptcy court's conclusions of law are reviewed de novo

and findings of fact are reviewed for clear error. <u>Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.</u>, 503 F.3d 933, 940 (9th Cir. 2007) (citing cases); <u>cf.</u> Fed. R. Bankr. P. 8013. Pursuant to FRBP 9033, the district court only "make[s] a de novo review . . . of any portion of the bankruptcy judge's findings of fact or conclusion of law to which specific written objection has been made in accordance with this rule" and "[w]ithin 14 days after being served with a copy of the proposed findings of fact and conclusions of law . . . ." Fed. R. Bankr. P. 9033(b), (d). Similarly, § 157(c) of the Bankruptcy Code mandates de novo review only of "those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c). <u>See also</u> <u>Messer v. Peykar Int'l Co., Inc.</u>, 510 B.R. 31, 38 (S.D.N.Y. 2014). After conducting its required review, the district court "may accept, reject, or modify the proposed findings of fact or conclusions of law." Fed. R. Bankr. P. 9033(d).

## III. DISCUSSION

### A. Untimeliness of the Objections

As a preliminary matter, contrary to the assertions of Defendants William Preston Trust and Joyce Moore, the deadlines for filing objections to the proposed findings of fact and conclusions of law as set forth in FRBP 9033 apply here. (See Trust's June 5, 2014 Response at 2; Moore's June 24, 2014 Reply at 1.) The rules of the FRBP "govern procedure in cases under title 11 of the United States Code," whether in the bankruptcy court or the district court. <u>See</u> <u>Infrastructure Serv. Co., LLC v. Firestone</u>, 328 B.R. 804, 806-07 (C.D. Cal. 2005). <u>See also</u> <u>Thomas v. Del Biaggio</u>, No. 13-CV-2794 YGR, 2014 WL 3950898, at *5 (N.D. Cal. Aug. 11, 2014); <u>In re Ulberg</u>, No. 2:13-cv-02219 JAM, 2014 WL 545905, at *1 (E.D. Cal. Feb. 10, 2014); <u>In re IndyMac Bancorp Inc.</u>, No. CV 12-02967-RGK, 2012 WL 1951474, at *1-2 (C.D. Cal. May 30, 2012).

Applying FRBP 9033, the Court finds Moore and the Trust untimely filed their Objections. As already noted, the Bankruptcy Court filed its Proposed Findings on February 4, 2014. On June 9, 2014, the Bankruptcy Court clerk filed the Proof of Service, showing service was effectuated on all Defendants, including counsel for Moore and the Trust on February 4, 2014. Pursuant to FRBP 7005 and Federal Rule of Civil Procedure 5(b)(1), service of the Proposed Findings on counsel for Moore and the Trust was proper. Although Moore argues service of the Proposed Findings on her counsel was insufficient because her then-counsel filed a motion to

SACV 14-00163-VAP; USBC Case No. 8:05-BK-50128-TA; ADVERSARY Case No. 8:11-AP-01231-TA
IN RE: WILLIAM E. PRESTON
MINUTE ORDER of September 18, 2014

withdraw on the same day, the Court notes the Bankruptcy Court did not grant the motion to withdraw until February 6, 2014.  (See In re William E. Preston, Bankruptcy No. 8:05-bk-50128-TA (Bankr. C.D. Cal.), ECF No. 625.)  Service on Moore's counsel thus was proper under FRBP 7005 and Rule 5(b)(1).  Also, although the Proof of Service on Defendants was not filed until June 9, 2014, the belated filing of the Proof of Service does not affect the validity of service, as even "[f]ailure to prove service does not affect the validity of service."  See Fed. R. Civ. P. 4(l).

As the Court finds service of the Proposed Findings was effectuated properly on Moore and the Trust on February 4, 2014, the deadline for filing objections was February 18, 2014, fourteen days after the filing of the Proposed Findings, as required by FRBP 9033(b).  Neither Moore nor the Trust filed timely objections.  Nor did either Defendant file a request for additional time to file objections, pursuant to FRBP 9033(c).

The Trust and Moore filed their Objections for the first time on April 22, 2014 and May 13, 2014, respectively – with this Court, and not with the Bankruptcy Judge, as required.  This Court thus considers Moore and the Trust to have waived their right to object to the Proposed Findings and to receive a de novo review.  See Messer, 510 B.R. at 38; Infrastructure Serv., 328 B.R. at 807-08.  The Court thus reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions de novo.  See Zurich Am. Ins. Co., 503 F.3d at 940; Messer, 510 B.R. at 40; Fed. R. Bankr. P. 8013; 28 U.S.C. § 157(c)(1).

## B.    Review of the Proposed Findings

The Bankruptcy Court's central factual finding in the Proposed Findings is that William Preston, a renowned musician, had capacity to file bankruptcy when he filed his chapter 11 petition on October 21, 2005, although at that time he was addicted to cocaine.  (See Proposed Findings, II. Findings of Fact ¶ 12.)  The Bankruptcy Court found Preston traveled to the Bahamas on October 15-17, 2005 for a birthday celebration, during which he was perceived as "coherent, cogent and charming." (Id. ¶ 20.)  On October 18, 2005, Preston traveled to Los Angeles with Moore (who had Preston's medical power of attorney) and others, and was "fine on the airplane and at rehearsal."  (Id. ¶¶ 21, 22.)  On October 19, 2005, Preston had dialysis, then

MINUTES FORM 11                                    Initials of Deputy Clerk _md/wr____
CIVIL -- GEN                      Page 5

attended a recording session.  (Id. ¶¶ 23, 24.)  A video taken of the recording
session shows Preston communicating with other musicians and playing the organ,
with "mutual satisfaction about the performance."  (Id. ¶¶ 24, 25.)  That evening,
Preston attended a Concert for Bangladesh DVD release party, performed three
songs, and exhibited moods varying from "normal and in good spirits" to "gruff and
moody."  (Id. ¶¶ 26-28.)  Opinions vary as to whether Preston was high at the party.
(Id. ¶ 30.)

On October 20, 2005, instead of flying to Cleveland for an event, Preston
returned to Arizona because he was not feeling well.  (Id. ¶ 31.)  When Moore spoke
to Preston on October 21, 2005, Preston was unusually "abrupt and demanding," but
was "ecstatic" when he learned that, per his request, Moore was able to move his
dialysis appointment from that day to the next day.  (Id. ¶ 33.)  When Moore picked
up Preston at 4:30 a.m. on October 22, 2005 for the dialysis appointment, she
noticed Defendant was more awake than usual, but she was not concerned.  (Id. ¶
34.)  Preston had a seizure at the dialysis center; he became swollen and
incoherent, jumping and flailing around.  (Id. ¶ 36.)  After Preston was taken to a
hospital, Ollie Ervin, Preston's personal assistant, and Moore provided Preston's
medical history to the physicians, as Preston was not capable of answering
questions at that time.  (Id. ¶ 39.)  The morning of October 22, 2005 was the the first
time Moore suspected Preston of cocaine use.  (Id. ¶ 38.)

On October 23, 2005, some thirty hours after admission to the hospital, Dr.
Lee Ann Kelley diagnosed him as dependent on cocaine, and observed Preston was
depressed and had impaired judgment, but Dr. Kelley discussed her medical
concerns with Preston, not with Moore, and convinced Preston to seek drug
treatment.  (Id. ¶¶ 40-42.)  The Bankruptcy Court found that "[i]f [Preston] had lacked
capacity, these conversations would have been with Moore, [Preston's] medical
power of attorney."  (Id. ¶ 41.)

In reaching these findings, the Bankruptcy Court reviewed, inter alia, the
testimony declarations of Dr. Kelley, Moore, Otto D'Angelo, Roger Friedman, and
Ollie Ervin, as well as the declarations, exhibits, and papers submitted at trial.  The
court in particular noted the changes to the declarations filed by Moore and Dr.
Kelley regarding Preston's capacity – from asserting in 2006 that Preston had

capacity, to declaring in 2013 that Preston did not have capacity.  (Id. ¶¶ 45-49.)
After weighing the competing declarations of Moore and Dr. Kelley separated by
seven years, the Bankruptcy Court determined that Moore's and Dr. Kelley's 2013
declarations as well as other evidence that Preston was incapacitated on October
21, 2005, to lack credibility.  (Id. ¶¶ 48, 49.)

     This Court finds the Bankruptcy Court did not commit clear error in giving
greater weight to the evidence in support of the finding of Preston's capacity on
October 21, 2005.  Confronted with conflicting observations regarding the degree to
which Preston appeared to have been affected by drug use on October 19-22, 2005,
the Bankruptcy Court appropriately examined various recollections of Preston's
behavior during those days, including declarations by Moore and Dr. Kelley in 2006
and 2013.  The Bankruptcy Court then properly determined that the circumstantial
evidence surrounding Preston's filing of the chapter 11 petition on October 21, 2005,
supported the finding of capacity and competence.  Having reviewed the record
considered by the Bankruptcy Court, under the clear error standard, this Court
affirms the Bankruptcy Court's factual findings.

     Furthermore, after a de novo review, this Court affirms the Bankruptcy Court's
conclusions of law.  The Bankruptcy Court carefully analyzed the legal requirements
for the determination of capacity and competence, properly applying California law.
(See Proposed Findings, III. Conclusions of Law ¶¶ 1-19.)  The Bankruptcy Court
correctly identified and applied sections 810-812 of California Probate Code as
providing the standard for determining Preston's capacity on October 21, 2005,
including that Defendants, as the contesting parties, bear the burden to rebut the
presumption of Preston's capacity.  (Id. ¶¶ 4-8.)  The Bankruptcy Court then
correctly reasoned that Defendants have not met their burden under California
Probate Code, as they only have demonstrated that Preston was a drug addict but
not that he had a deficit in mental function that impaired his ability to understand the
decision to file a bankruptcy petition, as required under sections 811 of California
Probate Code.  (Id. ¶ 12.)  The Court agrees with the Bankruptcy Court's finding that,
given the evidence of Preston's comprehension of his own actions and active
professional and social engagement up until October 21, 2005, Defendants have
failed to meet their burden and to overcome the rebuttable presumption of Preston's

capacity.  (See id. ¶¶ 12, 13, 19.)  Thus, after conducting the required de novo review, the Court agrees with the Bankruptcy Court's conclusions of law in full.

## IV.  CONCLUSION

For the foregoing reasons, the Court AFFIRMS and ADOPTS the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law (Doc. No. 2) in all respects, and ENTERS a final judgment that William E. Preston was not incapacitated at the time of the filing of his bankruptcy petition on October 21, 2005. The Court now REMANDS the case to the Bankruptcy Court for Phase II of the trial in the instant adversary proceeding.

**IT IS SO ORDERED.**